UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RAUL BATISTA,

                        Plaintiff,                    **FIRST AMENDED**
                                                              **COMPLAINT**

          -against-                            Jury Demand

                                                        17 CV 4245 (KBF)

THE CITY OF NEW YORK, P.O. ALFRED
SANTERISO, DET. JAMES FLYNN, SGT. FRANCISCO
PEREZ, Undercover Officer 1 ("UC0311"), Undercover
Officer 2 ("UC0022") and Undercover Officer 3 ("UC0014")
JOHN AND JANE DOES 1-2,

                        Defendants.
------------------------------------------------------------------------x

        Plaintiff RAUL BATISTA by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

        1.        Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

        2.        The action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the Fourth, Sixth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

        3.        Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is a citizen of the United States, and at all relevant times a resident of the County of Bronx and City and State of New York.

7.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendants Santeriso, Flynn, Perez, UC0311, UC0022, UC0014 and John and Jane Does, ("named defendants") are or were members of the NYPD and acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9.      Plaintiff worked as barber in a barber shop in the vicinity of 168th street and 169th street in the Bronx, New York.

10.     On July 22, 2014, at approximately 2 p.m., plaintiff received a phone call from a friend who informed plaintiff that he was with some women and that if he wanted

to come over and hang out, he should do so immediately or at least loan him twenty dollars ($20.00).

11. Plaintiff arrived at the vicinity of his friend's home and loaned his friend twenty dollars ($20.00). As plaintiff exited the friend's building, he observed the named defendants Santeriso, Flynn, Perez, UC0311, UC0022, and UC0014 stationed inside a lobby.

12. The named defendants told plaintiff that if wanted to hang out with girls, he would have to go purchase alcohol.

13. Plaintiff stated that he did not have any money on him and besides he had to go back to his son and he did not want to buy any alcohol.

14. One of the defendants gave plaintiff $40 and said "don't worry about the money, here is some money."

15. Plaintiff said that he still could not go because he had to take care of his son.

16. All of a sudden, defendant Santeriso handcuffed plaintiff and his friend.

17. Plaintiff did not know the reason behind the arrest.

18. Plaintiff has no prior arrests and was confused.

19. Plaintiff was handcuffed and brought to a police van where the named defendants went around and collected other prisoners before eventually driving plaintiff to the 44th precinct at 8pm.

20. Plaintiff was subjected to a full cavity body search and held in precinct for over 48 hours.

21. Defendants took plaintiff's phone from him and refused to allow him to call his son.

22. Later plaintiff learned that his son was wandering the streets and crying looking for his father.

23. Plaintiff was released ROR.

24. Defendants initiated a criminal proceeding against plaintiff by accusing him of selling drugs to UC0311, UC0022, and UC0014.

25. There were no other drugs on plaintiff except the ones planted on him by the named defendants.

26. Plaintiff was charged with three serious crimes including 2 felonies and 1 misdemeanor.

27. The named defendants threatened plaintiff to be quite and if he said anything, he would be deported because they would put a "detainer" on plaintiff.

28. The named defendants falsified documents and testimony that stated that plaintiff had sold drugs to them.

29. The named defendants testified at a trial before a jury.

30. The jury did not believe the defendants' testimony and acquitted plaintiff of all charges on December 23, 2015.

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Search and Seizure)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. There was no reason for the arrest, unlawful seizure and the unnecessary strip search of plaintiff.

33. Defendants manufactured probable cause to arrest by claiming that plaintiff had sold drugs to them.

34. However, it was the defendants who had planted drugs on plaintiff and then accused him of selling it back to them with the defendants' own money.

35. Plaintiff had no other contraband or drugs on him yet he was subjected to strip-search by the defendants.

36. Based on the seriousness of the false charges and because defendants unnecessarily prolonged his arraignment, defendants were able to detain plaintiff for over 48 hours before he was brought before a judge and then released ROR because of the flimsy nature of the charges and allegations against plaintiff.

37. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from false arrest, unlawful seizure and unreasonable use of strip-search was violated and he sustained serious physical and emotional and constitutional injuries.

## **AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

40. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

41. Defendants initiated criminal proceedings against the plaintiff and forwarded false information to the DA's office.

42. Defendants knew that even though plaintiff was innocent of the charges, the act of forwarding the information to the DA's office would result in plaintiff being prosecuted.

43. Yet, the defendants failed to retract their papers or inform the DA's office that the contraband was not found anywhere near plaintiff's custody, possession or control or that the drugs did not even belong to plaintiff and thus prolonging plaintiff's prosecution

44. All criminal charges lodged against plaintiff were dismissed.

45. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## **AS AND FOR A THIRD CAUSE OF ACTION**
(Conspiracy under Section 1985)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants targeted plaintiff and conspired with each other to deprive plaintiff of his civil rights and equal protection under the laws.

48. The individual defendants knew that plaintiff was not in possession of any drugs or in any position to buy or sell drugs. Yet they came to an explicit and implicit agreement and fabricated a scenario by giving plaintiff drugs and money and then accused plaintiff of selling drugs to one of them.

49. The individual defendants conspired with one another to hide each other's misconduct and failed to inform the DA that plaintiff was innocent of the serious charges lodged against him.

50. The individual defendants had a vested interest in the cover-up and the ensuing conspiracy because they knew they had falsely sworn out a complaint against plaintiff and recanting it would subject them to perjury, prosecution, disciplinary action, loss of overtime and or transfer to a less desirable post.

51. In addition, because of their ranks, status and vested interests, the intra-corporate conspiracy doctrine immunity is inapplicable to them.

52. As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein

54. Defendant Perez as Sergeant of the NYPD was responsible for the supervision of the defendant police officers.

55. Defendant Perez participated in the arrest and prosecution of plaintiff which caused plaintiff's violation of his constitutional rights.

56. Defendant Perez further failed to intervene and prevent the ongoing

misconduct by the defendant officers that resulted in false arrest and prosecution of plaintiff.

57. Defendant Perez was further deliberately indifferent to plaintiff's innocence and failed to act on personal information that his respective subordinates had arrested an innocent man and was being malicious prosecuted.

58. As a result of the foregoing, defendant Perez is liable under the theory of supervisory liability because his actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Denial of Right to a Fair Trial)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. Defendants fabricated and falsified information that plaintiff was in custody, control or possession of the contraband and that he had money and drugs that he offered to sell to the defendants.

61. As a result of this fabrication, plaintiff was denied a fair hearing at his arraignment and at trial.

62. Defendants' joint and individual conduct deprived plaintiff of the equal protection of the laws and they falsely testified that plaintiff had sold them drugs that belonged to the defendants with money that belonged to the defendants.

63. As a direct result of these actions, Plaintiff suffered constitutional injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability)

64. Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs as if fully set forth herein.

65. Defendant City through the NYPD is aware that most of its officers would encounter situations presented in the foregoing paragraphs but have turn a blind-eye to them and have been deliberately indifferent to their constitutional rights.

66. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policy and or is deliberately indifferent to its effect on innocent individuals.

67. In addition, NYPD officers have faced numerous lawsuits and had judgments entered against the City based on allegations that NYPD officers falsified information which led to false arrest and malicious prosecution, planted drugs and other contraband on innocent individuals like plaintiff without having to face any internal discipline or formal training or additional supervision.

68. The widespread lack of training, or disciplining the officers like the individual defendants allow defendants to walk away with impunity while at the same time causing constitutional injuries to individuals like plaintiff.

69. The City has also failed to discipline these officers in this and other instances.  The City through the NYPD has an antiquated disciplinary system that is rife with deficiencies and likely to have a complaint lodged against officers like the defendants fall through the cracks.  While the NYPD has a formal process in which civilians can lodge complaints against its members, the process is not adequately monitored to ensure compliance or that complaints are properly investigated and the officers disciplined.  The process is akin to a "hot potato" in that the complaint gets passed around from one division to another and then essentially buried in paperwork.

9

This type of system with no checks or boundaries allows officers like the defendants to act with impunity. This process and system and its failure to monitor its efficiency leads to the City being deliberately indifferent to civilian's rights and has caused the constitutional injuries suffered by plaintiffs.

70. Defendant City is aware of similar violations by the NYPD but has turned a blind-eye to them and the foregoing has directly caused the violation of plaintiff's rights protected under the 4th, 6th and 14th amendments.

71. The City is aware that defendant officers would encounter a situation where they would either have to "rat out" their colleagues or "continue with the fabricated story" of plaintiff's alleged illegal conduct. This encounter leave the officers with a difficult choice. Since they are routinely chastised for not being a "group player" and since they would face disciplinary action if they alerted the superiors of the false nature of charges, they take the "easy way out" but simply ignoring the constitutional violations. The City despite being aware of these situations has failed to implement safeguards where an officer would be allowed to recant false statements made by him and his colleagues and not be subjected to retaliation. This deliberate indifference by the City is the proximate cause of the injuries suffered by plaintiff.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Two Hundred Thousand Dollars for each and every cause of action for Plaintiff against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       July 24, 2017

>                        PAWAR LAW GROUP, P.C.
>                        20 Vesey Street, Suite 1210
>                        New York, New York 10007
>                        (212) 571-0805
>
>                        By:/sVik Pawar
>                            Vik Pawar (VP9101)
>                            Robert Blossner (RB0526)
>                            *Attorneys for Plaintiff*